IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

3Shape A/S,

        Plaintiff,

v.

                                                                    C.A. No. 18-886-LPS-CJB

Align Technology, Inc.,

        Defendants.

Geoffrey Grivner, BUCHANAN INGERSOLL & ROONEY PC, Wilmington, DE

S. Lloyd Smith, Kimberly E. Coghill, BUCHANAN INGERSOLL & ROONEY PC, Alexandria, VA

Philip L. Hirschhorn, BUCHANAN INGERSOLL & ROONEY PC, New York, NY

    Attorneys for Plaintiff.


John W. Shaw, Karen E. Keller, Andrew E. Russell, SHAW KELLER LLP, Wilmington, DE

Blair M. Jacobs, Christina A. Ondrick, John S. Holley, Diva Ranade, PAUL HASTINGS LLP, Washington, D.C.

Thomas A. Counts, PAUL HASTINGS LLP, San Francisco, CA

    Attorneys for Defendant.

**MEMORANDUM OPINION**

March 29, 2019
Wilmington, Delaware


**STARK, U.S. District Judge:**

**I.     BACKGROUND**

Plaintiff 3Shape A/S ("Plaintiff") sued Defendant Align Technology, Inc. ("Defendant") for direct, indirect, and willful infringement of Plaintiff's U.S. Patent No. 9,629,551 ("the '551 Patent") on June 14, 2018. (D.I. 1) ("Complaint") The '551 Patent describes an intraoral scanner and claims a system and method for distinguishing "movable objects" (e.g., a tongue, cheeks, or dental instruments) from "rigid objects" (e.g., teeth) so that only the rigid objects are rendered in the three-dimensional model. '551 Patent, col. 1 ll. 29-60, col. 3 ll. 50-54, col. 29 l. 45-col. 32 l. 46.

On August 9, 2018, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.I. 10) Defendant argues that Plaintiff's pre-suit induced infringement and contributory and willful infringement claims fail to meet the pleading standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court disagrees.

**II.    LEGAL STANDARDS**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A party that believes a complaint fails to meet this standard may move to dismiss under Rule 12(b)(6). Such a motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the claimant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558; *see also Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009).

When presented with a Rule 12(b)(6) motion, a court conducts a two-part analysis. *See Fowler*, 578 F.3d at 210. First, the court separates the factual and legal elements, accepting "all of the complaint's well-pleaded facts as true, [while] . . . disregard[ing] any legal conclusions." *Id.* at 210-11. Second, the court determines "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).

Determining whether a claim is plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A plausible claim does more than merely allege entitlement to relief; it must also demonstrate the basis for that "entitlement with its facts." *Fowler*, 578 F.3d at 211 (internal citations omitted). Thus, a claimant's "obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). In other words, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

### III. DISCUSSION

#### A. Induced Infringement

The parties dispute whether Plaintiff's Complaint alleges sufficient facts to plead indirect infringement by inducement. (D.I. 11 at 3-7; D.I. 13 at 4-10) To adequately plead a claim of induced infringement, a plaintiff must demonstrate that "the defendant knew of the patent and

2

that the induced acts constitute patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015) (internal quotation marks omitted). Further, a plaintiff must allege a specific intent to induce infringement, which is "evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006). "[R]ecovery on an induced infringement claim is limited to the time period that begins when defendant learns of the patent's existence." *E.I. Du Pont De Nemours & Co. v. Heraeus Precious Metals N. Am. Conshohocken LLC*, 2013 WL 4047648, at *2 (D. Del. Aug. 8, 2013) (citing *SynQor, Inc. v. Artesyn Techs., Inc.*, 709 F.3d 1365, 1379 (Fed. Cir. 2013)).

Defendant does not challenge the sufficiency of the pleadings for direct infringement, but does argue that the claims of induced infringement contain nothing more than "rote allegations" that Defendant encouraged infringement through the training, promotion, sales, and importation of the accused products. (D.I. 11 at 4) Defendant then argues that although it filed a pre-suit *inter partes* review[1] ("IPR") directed to the patent-in-suit, an IPR petition alone is an insufficient basis from which to infer knowledge of infringement or a specific intent to induce infringement. (D.I. 11 at 5-6)

While the Court agrees that the filing of an IPR does not, in and of itself, show that an accused infringer had knowledge of infringement or intent to induce infringement, it does suffice to show Defendant's knowledge of the patent. As for the remaining elements of the induced infringement claim, the Federal Circuit has held that knowledge of infringement and specific intent may be inferred based on surrounding circumstances, "taken collectively and in context,"

---

[1] The Complaint's allegations regarding Defendant's IPR filing are incorporated by reference into Counts 2 and 3, alleging indirect infringement. (D.I. 14 at ¶¶ 65, 75)

even where alternative inferences could be drawn. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1340 (Fed. Cir. 2012). For instance, in *In re Bill of Lading*, the plaintiff sufficiently pled indirect infringement by citing to (1) defendants' advertisements for features that were similar to the patented method, (2) defendant's use of seminars targeting existing/potential customers, and (3) a customer's statements that the customer used the accused products to achieve goals similar to the patented method. *Id.* at 1340-46.

Here, Plaintiff alleges that the parties are competitors in the intraoral scanning industry, and both produce similarly-functioning products. (D.I. 1 at ¶¶ 3-7) Plaintiff alleges that the accused products are intended to produce results similar to those of the claimed invention: that is, to produce three-dimensional intraoral models or representations using a scanning device. (D.I. 1 at ¶¶ 26-45) Plaintiff cites two videos, one from Defendant and another from Defendant's customer, highlighting how Defendant's accused products perform in a manner at least similar to the claimed invention. (D.I. 1 at ¶¶ 44-49) Plaintiff also makes allegations about an informational booklet in which Defendant offers training and support on how to use its accused products in a manner at least similar to the claimed invention. (D.I. 1-2 at 11) Taking these factual allegations together with the pre-suit knowledge of the patent evinced by Defendant's IPR, Plaintiff has pled sufficient facts to infer that Defendant knew its actions may constitute patent infringement and had the specific intent to induce patent infringement from at least the time Defendant filed the IPR.

### B. Contributory Infringement

The parties also dispute whether the Complaint alleges sufficient facts to plead contributory infringement. (D.I. 11 at 3-7; D.I. 13 at 4-10) A complaint satisfies the elements of

contributory infringement by alleging that: (1) defendant had knowledge of the patent; (2) defendant sold products especially made for infringing use; (3) defendant had knowledge of the infringing use; (4) the products had no substantial noninfringing use; and (5) there exists an underlying act of direct infringement. *Netgear, Inc. v. Ruckus Wireless, Inc.*, 852 F. Supp. 2d 470, 476-77 (D. Del. 2012); *see also Wordtech Sys., Inc v. Integrated Networks Sols., Inc.*, 609 F.3d 1308, 1316 (Fed. Cir. 2010) (stating accused contributory infringer must "sell[] a component [to a direct infringer] with knowledge that the component is especially designed for use in a patented invention, and is not a staple article of commerce suitable for substantial noninfringing use"); *Glenayre Elecs., Inc. v. Jackson*, 443 F.3d 851, 858 (Fed. Cir. 2006) (looking to defendant's customers for direct infringement).

As noted above, Defendant is not challenging the sufficiency of the pleading of direct infringement. Further, "the pleading may use the same knowledge for contributory infringement as under inducement, because the knowledge for inducement is the same knowledge for contributory infringement." *Hand Held Prod., Inc. v. Amazon.com, Inc.*, 2013 WL 507149, at *4 (D. Del. Feb. 6, 2013) (citing *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765 (2011)); *see also Nexeon Ltd. v. Eaglepicher Techs., LLC*, 2016 WL 4045474, at *7 (D. Del. July 26, 2016) (same).

The parties dispute the requirements for pleading the elements involving "infringing" and "noninfringing" uses. According to Plaintiff, "[b]oth this Court and the Federal Circuit have acknowledged that 'affirmatively pleading the absence of substantial noninfringing uses renders the claim plausible if the pleadings do not undermine that allegation.'" (D.I. 13 at 9) (quoting *Merck Sharp & Dohme Corp. v. Teva Pharm. USA, Inc.*, 2015 WL 4036951, at *7 (D. Del. July 1, 2015) (emphasis omitted); *see also In re Bill of Lading*, 681 F.3d at 1339 (cited in *Merck*

5

*Sharp & Dohme*)) Defendant counters that the Federal Circuit's recent decision in *Artrip v. Ball Corp.*, 735 F. App'x 708 (Fed. Cir. 2018), "directly contradict[s]" Plaintiff's position. (D.I. 14 at 4) On this dispute, the Court sides with Plaintiff.

*Artrip* involved a series of patents covering an assembly and method for forming the lift-tab can ends used to open beverage cans. The patent owner sued Alcoa for contributory infringement because Alcoa provided the tab manufacturer (also a defendant) with food-grade aluminum used to produce the tabs. *See id.* at 709-10. In dicta, the Federal Circuit stated that the patent owner had failed to allege sufficient facts to support its contributory infringement claim because the complaint "did not plausibly assert facts to suggest that Alcoa was aware of the patents or facts to suggest that the aluminum it supplied had no substantial noninfringing use." *Id.* at 713.

The instant case is distinguishable. While the accused products in *Artrip* were blank aluminum sheets with a food-grade coating, with vast potential for non-infringing use, *id.* at 709-10, here the accused products are intraoral scanners to produce virtual three-dimensional models. This is sufficient to allege that the accused products are not staple articles. Moreover, Plaintiff has included allegations about a brochure showing that Defendant's scanner performs a function similar to Plaintiff's product (D.I. 1, Ex. B) – which further makes plausible the allegation that there are no substantial noninfringing uses. Nothing in the remainder of the Complaint undermines this inference.

Defendant further alleges that the brochure Plaintiff relies upon actually shows that Defendant's scanner has an option to display the movable objects, thereby proving the accused products have a noninfringing use. (D.I. 14 at 5) Defendant's interpretation of its brochure is

6

unconvincing[2] – and, in any event, the inference Plaintiff would have the Court draw from the brochure is not unreasonable. *See generally In re Bill of Lading*, 681 F.3d at 1343 n.13 (affording claims "their broadest possible construction" at the pleadings stage).

Hence, the well-pleaded factual allegations in the Complaint, taken as true, give rise to a reasonable inference that the accused products were made especially for infringing use, and that those products had no substantial noninfringing use. Therefore, Plaintiff has sufficiently pled contributory infringement.

### C. Willful Infringement

To state a claim for willful infringement, "a plaintiff must allege facts plausibly showing that as of the time of the claim's filing, the accused infringer: (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Valinge Innovation AB v. Halstead New England Corp.*, 2018 WL 2411218, at *13 (D. Del. May 29, 2018). For reasons already stated, the Complaint adequately alleges Defendant had knowledge of infringement prior to the filing of the complaint, at least as early as early as the filing of its IPR. Further, as already discussed, Plaintiff has pled sufficient facts to plausibly show that, after acquiring that knowledge, Defendant infringed the patent and knew, or should have known, that its conduct amounted to infringement of the patent. For these reasons, Plaintiff has sufficiently pled a claim of willful infringement.

---

[2] The quote Defendant relies upon – that the accused product "enable[es] soft tissue structures to be visualized" – says nothing as to whether the "soft tissue" constitutes a "movable" or "rigid" object.

## IV. CONCLUSION

For the reasons stated above, the Court will deny Defendant's motion to dismiss. An appropriate order follows.