**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| 3SHAPE A/S,<br><br>Plaintiff,<br><br>v.<br><br>ALIGN TECHNOLOGY, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. C.A. No. 1:18-cv-00886-LPS-CJB<br><br>JURY TRIAL DEMANDED |

# STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and subject to the approval of the Court, by and between the parties and by their respective undersigned counsel, that this Stipulation and Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given, or exchanged by and among the parties and any non-parties in the above-captioned action.

Accordingly, based upon the agreement of the parties, IT IS HEREBY ORDERED pursuant to Rule 26(c) of the Federal Rules of Civil Procedure that the following Procedures shall be adopted for the protection of confidential and proprietary information:

## PROCEDURES FOR PROTECTION OF CONFIDENTIAL AND PROPRIETARY INFORMATION

## 1. DEFINITIONS

1.1 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

1.2 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

1.3 Counsel (without qualifier): Outside Counsel of Record (as well as their support staff).

1.4 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY."

1.5 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in the above-captioned action.

1.6 Expert: a person with specialized knowledge or experience in a matter pertinent to the instant litigation who: (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in the above-captioned action; (2) is not a current employee of a Party or of a Party's competitor; and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

1.7 "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "CONFIDENTIAL Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

1.8 “HIGHLY CONFIDENTIAL SOURCE CODE-ATTORNEYS’ EYES ONLY” Information or Items: material of a Designating Party or of any Non-Party that a Producing Party is permitted to produce in this litigation that constitutes or contains non-public Source Code.

1.9 In-House Counsel: attorneys who are employees of a Party to the above-captioned action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

1.10 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to the above-captioned action.

1.11 Outside Counsel of Record: attorneys of a law firm which has appeared on behalf of that Party in this instant litigation and their support staffs.

1.12 Party: a party to the above-captioned action, including all of its officers, directors, and employees.

1.13 Producing Party: a Party or Non-Party, that produces Disclosure or Discovery Material in the above-captioned action.

1.14 Professional Vendors: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

1.15 Protected Material: any Disclosure or Discovery Material that is designated as “CONFIDENTIAL,” “HIGHLY CONFIDENTIAL ATTORNEYS’ EYES ONLY,” or “HIGHLY CONFIDENTIAL SOURCE CODE-ATTORNEYS’ EYES ONLY.”

1.16 Receiving Party: a Party or Non-Party that receives Disclosure or Discovery Material from a Producing Party.

1.17 Source Code: source code, object code (*i.e.*, computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator), any text written in any high-level programming language defining firmware and/or software functionalities implemented on an integrated circuit, microcode, register transfer language ("RTL"), firmware, and hardware description language ("HDL"), as well as any and all notes, annotations, and other comments of any type related thereto and accompanying the code. For avoidance of doubt, this includes source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, and debug files.

## 2. COMPUTATION OF TIME

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

## 3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party, provided such information enters the public domain by means not involving a violation of this Order or other duty of confidentiality; and (b) any information known to the Receiving Party prior to the disclosure that the Receiving Party can demonstrate was already known prior to the time of disclosure, was obtained lawfully, and was obtained by means not involving a violation

of this Order or any other duty of confidentiality. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4. DURATION**

The confidentiality obligations imposed by this Order shall remain in effect even after final disposition of the above-captioned action unless otherwise provided herein. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in an action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of that action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5. DESIGNATING PROTECTED MATERIAL**

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Designating Party that designates information or items for protection under this Order must take care to limit any such designation to material that qualifies under the appropriate standards. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties in its respective action that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (*see, e.g.*, subsection 5.2.1 below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated at the time the material is disclosed or produced. Designation in conformity with this Order requires:

5.2.1 For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL ATTORNEYS'

EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY" to each page that contains protected material. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" or, where applicable "HIGHLY CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY") to each page that contains Protected Material.

5.2.2 For testimony given in deposition, the Designating Party may indicate on the record that it is protected at the time it is given in accord with the Federal Rules of Civil Procedure. The Designating Party shall indicate the level of protection at the time of designation. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY." Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material and that specifies the level of protection being asserted by the Designating Party. The title page may be followed by a list of all pages (including line numbers

as appropriate) that have been designated as Protected Material. The Designating Party shall inform the court reporter of these requirements.

5.2.3 For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3 Inadvertent Failures to Designate. If timely corrected after recognition by a Producing Party of an inadvertent failure to designate, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Producing Party's right to secure protection under this Order for such material. Upon discovering the inadvertent failure to designate, the Producing Party shall immediately notify the Receiving Party in writing and provide replacement copies with the appropriate confidentiality designation. After receiving such notice, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order. To the extent the Receiving Party has disclosed the Protected Material to any person, or in any circumstance, not authorized under this Stipulated Protective Order, the Receiving Party shall follow the requirements of Section 9.

5.4 Right to Seek Additional Protections. This Order is entered without prejudice to the right of any Party to seek additional protections from the Court as may be necessary under particular circumstances.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. The Challenging Party shall provide written notice of each designation it is challenging and describing the basis for each challenge. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring within seven (7) calendar days of the date of service of notice as required by Local Rule 7.1.1. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

6.3 Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall contact the Court pursuant to Section 8(g) of the Scheduling Order.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 Basic Principles. Absent further Order from the Court, the Receiving Party may only use Protected Material that is disclosed or produced by another Designating Party in connection with the above-captioned action for prosecuting, defending, or attempting to settle that action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

7.1.1 Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.1.2 A Receiving Party shall not use, rely upon, or refer to another Party's or Non-Party's Protected Material in (1) drafting or amending claims in a U.S. or foreign patent application, or assisting or advising another to do the same; or (2) drafting or amending claims in any *inter partes* review, *ex parte* reexamination, reissue proceeding, or other post-grant review process at the USPTO or any proceeding before the patent office of a foreign country, or assisting or advising another to do the same.

7.1.3 Patent Prosecution Bar. Any attorney, patent agent, expert, or other person who has subscribed to the Stipulated Protective Order on behalf of any party in this litigation or has otherwise accessed technical material designated by another party as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY," "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER" and/or "CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY INFORMATION" which relates to the structure, operation, function, design, or development of any existing or potential product shall not be involved in Patent Prosecution on behalf of the party represented by that person in this litigation or one of such party's affiliates relating to the subject matter of intraoral scanners and software related to the functioning of such scanners before any foreign or domestic agency, including the United States Patent and Trademark Office. For the purposes of this paragraph, "Patent Prosecution" shall be defined as substantive patent prosecution activities involving "competitive decision making" as set forth by the Federal Circuit in *In re Deutsche Bank Trust Co. Americas*,

605 F.3d 1373, 1378 (Fed. Cir. 2010), such as supervising, assisting or participating in (including preparing, drafting, amending, filing, or otherwise prosecuting applications, claims, responses to office actions, oaths or declarations, or any other paper) the prosecution of any pending or future patent application before the United States Patent and Trademark Office or any other patent foreign or domestic authorities, with respect to any patent application of the represented party claiming (in whole or in part) any of the subject matter set forth above. "Patent Prosecution" shall not include representing a party or otherwise participating in reissue proceedings, *ex parte* reexamination, *inter partes* review, covered business method review, or post-grant review proceedings, provided such representation or other participation in such proceedings does not include any involvement in seeking amendment of any claims on behalf of the represented party. This prohibition on Patent Prosecution shall end two (2) years after the earlier of (i) the final resolution or termination of this litigation, including all appeals, (ii) the complete settlement of all claims in this litigation and completion of the requirements of this agreement, or (iii) the withdrawal of that attorney from the Protective Order. This prosecution bar is personal to the person subscribing to the Protective Order in this litigation and shall not be imputed to any other person or entity.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may only disclose any information or item designated "CONFIDENTIAL" to:

7.2.1 The Receiving Party's Outside Counsel of Record in the action in which it is produced, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this particular litigation.

7.2.2 Experts (and their staff) of the Receiving Party (1) to whom disclosure is reasonably necessary for the litigation in which said information is produced; and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.2.3 The Court, jury, and court personnel.

7.2.4 Court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for the litigation in which it is produced and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

7.2.5 During their depositions, witnesses in the action to whom disclosure is reasonably necessary, unless otherwise agreed by the Designating Party or ordered by the court. Exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

7.2.6 The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information or is employed by the Designating Party.

7.3 Disclosure of "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may only disclose any information or item designated "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" to:

7.3.1 The Receiving Party's Outside Counsel of Record in the action in which it is produced, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information in this particular litigation.

7.3.2 Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for the litigation in which such information is produced and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.3.3 The Court, jury, and court personnel.

7.3.4 Court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for the litigation in which it is produced and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

7.3.5 The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information or is employed by the Designating Party.

7.4 Experts may only review "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" Information or Items after being expressly identified to the Designating Party as seeking access to CONFIDENTIAL or HIGHLY CONFIDENTIAL Information or Items.

7.4.1 No less than seven (7) calendar days prior to the initial disclosure to an Expert of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" Information or Items, the Receiving Party shall submit in writing the name of such Expert and his or her educational and detailed employment history to the Designating Party. If the Designating Party objects to the disclosure of such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" Information or Items to such Expert as inconsistent with the language or intent of this Order or on other grounds, it shall notify the Receiving Party in writing of its objection and the grounds therefore prior to the initial

disclosure. If the dispute is not resolved on an informal basis after meeting and conferring as required by Local Rule 7.1.1 within seven (7) days of receipt of such notice of objections, the Parties may seek guidance from the Court. The disclosure of information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" shall be withheld to such Expert pending resolution of the dispute.

7.5 Disclosure of "HIGHLY CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY" Information or Items. Information or items designated "HIGHLY CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY" are subject to the provisions of Section 8, below.

7.6 Advice to Clients: It is understood that Outside Counsel of Record for a Party may give advice and opinions to his or her client based on his or her evaluation of information designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY" that is provided from the opposing Party to such Outside Counsel of Record this action, provided that such rendering of advice and opinions shall not reveal the content of such information, except by prior written agreement with counsel for the Producing Party.

7.7 If the Court orders, or if the Producing Party and all Parties to this lawsuit agree, that access to, or dissemination of information designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY" shall be made to persons not included in paragraphs 7.2-7.4 above, such matter shall only be accessible to, or disseminated to, such persons based upon the conditions pertaining to, and obligations arising from this order, and such persons shall be considered subject to it, unless the Court finds that the information is not "CONFIDENTIAL,"

"HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY" as defined in paragraphs 1.2, 1.7, and 1.8, respectively, above.

**8. <u>DISCLOSURE AND REVIEW OF SOURCE CODE</u>**

8.1 A Designating Party may designate documents, information, or things as "HIGHLY CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY," which shall mean material of a Designating Party or of any Non-Party that a Producing Party is permitted to produce in this litigation that constitutes or contains non-public Source Code.

8.2 Materials designated as "HIGHLY CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY" shall only be reviewable by SOURCE CODE QUALIFIED PERSONS. SOURCE CODE QUALIFIED PERSONS include the following: (1) Outside Counsel of Record and staff employed by such litigation counsel as necessarily incident to the litigation; (2) personnel at interpretation/translation service establishments retained by, but not regularly employed by, Outside Counsel of Record as necessarily incident to the litigation of this litigation, including without limitation oral interpreters and document translators; (3) the Court, the Judge, the Court Staff, Court personnel and contract personnel who are acting in the capacity of Court employees; (4) court reporters, stenographers and videographers transcribing or recording testimony at depositions, hearings or trial in this litigation; (5) Experts in this litigation, subject to the provisions of paragraph 8.2.1, below (if a Receiving Party wishes an Expert who has already been identified pursuant to paragraph 7.4 above to receive or review materials designated as "HIGHLY CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY," it must "re-comply" with the Expert identification requirement by identifying the expert pursuant to paragraph 8.2.1, below); (6) a Designating Party's employees, 30(b)(6) witnesses, or Experts designated by the Designating Party.The Designating Party and the Receiving Party may

meet and confer to discuss other potential categories of SOURCE CODE QUALIFIED PERSONS.

8.2.1 Experts may only review "HIGHLY CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY" Information or Items after being expressly identified to the Designating Party as seeking access to HIGHLY CONFIDENTIAL SOURCE CODE Information or Items.

8.2.1.1 No less than seven (7) calendar days prior to the initial disclosure to an Expert of any "HIGHLY CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY" Information or Items, the Receiving Party shall submit in writing the name of such Expert and his or her educational and detailed employment history to the Designating Party. If the Designating Party objects to the disclosure of such "HIGHLY CONFIDENTIAL SOURCE CODE- ATTORNEYS' EYES ONLY" Information or Items to such Expert as inconsistent with the language or intent of this Order or on other grounds, it shall notify the Receiving Party in writing of its objection and the grounds therefore prior to the initial disclosure. If the dispute is not resolved on an informal basis after meeting and conferring as required by Local Rule 7.1.1 within seven (7) days of receipt of such notice of objections, the Parties may seek guidance from the Court. The disclosure of information designated as "HIGHLY CONFIDENTIAL SOURCE CODE-

ATTORNEYS' EYES ONLY" shall be withheld to such Expert pending resolution of the dispute.

8.3 Source Code shall be provided with the following additional protections:

8.3.1 Nothing in this Protective Order shall obligate the parties to produce any Source Code, nor act as an admission that any particular Source Code is discoverable.

8.3.2 Access to Source Code will be given only to SOURCE CODE QUALIFIED PERSONS.

8.3.3 Access to Source Code shall be provided on no more than two "stand-alone" computer(s) (*i.e.*, the stand-alone secure computer(s) may not be linked to any network, including a local area network ("LAN"), an intranet, or the Internet, and may not be connected to any printer or storage device other than the internal hard disk drive of the stand-alone secure computer(s) without the consent of the Designating Party). The stand-alone secure computer(s) shall be kept in a secure location at the offices of the Designating Party's Outside Counsel of Record, or at such other location as the Designating Party and Receiving Party mutually agree. The stand-alone secure computer(s) may be password protected and shall have the Source Code stored on a hard drive contained inside the stand-alone secure computer(s) or, at the Designating Party's election, otherwise accessible on the stand-alone secure computer(s). The stand-alone secure computer(s) may be locked down so that additional peripheral devices cannot be connected to the stand-alone secure computer(s) by the Receiving Party. The Designating Party shall produce Source Code in computer searchable format on the stand-alone secure computer(s). The stand-alone secure computer(s) shall, at the Receiving Party's request, include reasonable analysis tools appropriate for the type of Source Code. The Receiving Party shall be responsible for providing the tools or licenses to the tools that it wishes to use to the Designating Party so

that the Designating Party may install such tools on the stand-alone secure computer(s). The Receiving Party must provide the supplying party with the licensed software tool(s) at least seven (7) calendar days in advance of the date upon which the Receiving Party wishes to have the software tools available for use on the stand-alone secure computer. The Receiving Party shall not at any time attempt or request the installation of any compilers, interpreters, or simulators in connection with the supplying party's Source Code. To the extent that such tools record local working files or other records reflecting the work performed by the Receiving Party, such files and records shall not be reviewed, altered, or deleted by the Designating Party.

8.3.4 The Receiving Party shall provide at least three (3) business days' notice to access the source code and make reasonable efforts to restrict its requests for access to the stand-alone secure computer(s) to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:30 p.m. local time at the reviewing location. Upon reasonable notice from the receiving party, which shall not be less than five (5) business days in advance, the Designating Party shall make reasonable efforts to accommodate the receiving party's request for access to the stand-alone secure computer(s) outside of normal business hours. Such an expanded review period shall not begin earlier than 8:00 a.m. and shall not end later than 8:00 p.m. local time at the reviewing location. The parties are to cooperate in good faith such that maintaining the Source Code at the offices of the Designating Party' s outside litigation counsel shall not unreasonably hinder the receiving party's ability to efficiently conduct the prosecution or defense in this litigation. Proper identification of all SOURCE CODE QUALIFIED PERSONS shall be provided prior to any access to the standalone secure computer(s).

8.3.5 All SOURCE CODE QUALIFIED PERSONS who will review Source Code on behalf of a receiving party shall be identified in writing to the Designating Party at least

seven (7) calendar days in advance of the time that such person reviews such Source Code. The Designating Party shall provide these individuals with information explaining how to start, log on to, and operate the stand-alone secure computer(s) in order to access the produced Source Code on the stand-alone secure computer(s). For subsequent reviews by SOURCE CODE QUALIFIED PERSONS, the receiving party shall give at least three business days (and at least 72 hours) notice to the Designating Party of such review. Advance notice for a subsequent review shall be sufficient when provided by 1:00 p.m. (local time at the location of the stand-alone secure computer(s)) during the course of a review session, for such review to continue on the next subsequent business day.

8.3.6 No person other than the Designating Party may alter, dismantle, disassemble or modify the stand-alone secure computer(s) in any way, or attempt to circumvent any security feature of the stand-alone secure computer(s).

8.3.7 No copies shall be made of Source Code, whether physical, electronic, or otherwise, other than volatile copies necessarily made in the normal course of accessing the Source Code on the stand-alone secure computer(s), except for: (1) print outs of reasonable portions of the Source Code; and (2) such other uses to which the parties may agree or that the Judge or Court may order. The Receiving Party shall not use any outside electronic device to copy, record, photograph, or otherwise reproduce Source Code. "Reasonable portions of the Source Code" shall be limited to the portions that are necessary to understand a relevant feature of an accused product in this litigation. The Designating Party shall not unreasonably withhold approval and the parties shall meet and confer in good faith to resolve any disputes. The Receiving Party may not bring any electronic devices into the secured review room, including but not limited to, cameras, video recording equipment, sound recording equipment,

smartphones, tablets, cellular telephones, laptops or computers, floppy drives, CDs, DVDs, USB-connectable devices, zip drives or any drives of any kind, peripheral equipment and/or other electronic recording media. The Receiving Party may take notes related to the Source Code, so long as such notes are clearly designated and treated as HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY (as appropriate depending on whether the notes contain excerpts of the Source Code). The Designating Party may exercise personal supervision from outside the review room over the Receiving Party when the receiving party is in the Source Code review room. Such supervision, however, shall not entail review of any work product generated by the Receiving Party, *e.g.*, monitoring the screen of the stand-alone secure computer(s), monitoring any surface reflecting any notes or work product of the receiving party, or monitoring the key strokes of the receiving party. There will be no video supervision by any Designating Party. The Designating Party may employ security measures on the stand-alone secure computer(s) such as physical measures to prevent or detect tampering with the stand-alone secure computer(s), disabling of communication ports and software functionality, data encryption, access logging limitations on access privileges by the receiving party, and specification and configuration of the operating system, so long as such measures do not impact the normal operation of the reasonable analysis tools to be used for inspecting the Source Code. The Receiving Party shall not attempt to circumvent any security measures implemented by the Designating Party, under any circumstances. In order to verify that its Source Code has not later been altered, the Designating Party may benchmark the materials before and after they are provided, but shall not install any keystroke or other monitoring software on the stand-alone secure computer(s).

8.3.8 Proper identification of all SOURCE CODE QUALIFIED PERSONS shall be provided prior to any access to the secure location or the stand-alone secure computer(s). Proper identification is hereby defined as a photo identification card sanctioned by the government of a U.S. state, by the District of Columbia, by the United States federal government, or by the nation state of the authorized person's current citizenship. Access to the secure location or the stand-alone secure computer(s) may be denied, at the discretion of the Designating Party, to any individual who fails to provide proper identification. Any SOURCE CODE QUALIFIED PERSONS, other than Outside Counsel of Record of the Receiving Party, who request access to the secure location or the stand-alone secure computer(s) shall counter-sign a copy of the Agreement to Be Bound attached to this Order as Exhibit A.

8.3.9 Nothing may be removed from the stand-alone secure computer(s), either by the Receiving Party or at the request of the Receiving Party, except for such uses to which the parties may expressly agree or that the Judge or the Court may order.

8.3.10 The stand-alone secure computer(s) shall be configured with a means for selecting Source Code for printing, as permitted herein. To facilitate the printing process, the Reviewing Party may create local PDF copies of reasonable portions of the Source Code to be subsequently printed onto paper copies in accordance with this paragraph. SOURCE CODE QUALIFIED PERSONS may select portions of the Source Code to print only when reasonably necessary to facilitate the Receiving Party's preparation of filings with the Judge or Court, expert reports, contentions, and hearing exhibits, and shall print only such portions as are believed to be relevant to the claims and defenses in the case and are reasonably necessary for such purposes. SOURCE CODE QUALIFIED PERSONS shall not print Source Code that has not been reviewed on the stand-alone secure computer(s), or in order to review the Source Code elsewhere

in the first instance, *i.e.*, as an alternative to reviewing the Source Code electronically on the stand-alone secure computer(s). All original printed pages of Source Code shall be retained by the Designating Party. At the request of the Receiving Party, the Designating Party shall, within seven (7) calendar days, provide one (1) hard copy print out of the specific lines, pages, or files of the Source Code that the receiving party believes in good faith are necessary to understand a relevant feature of an accused product. The Designating Party and the receiving party shall meet and confer regarding any hard copies of the Designating Party's Source Code requested by the receiving party that exceed thirty (30) continuous pages of the Designating Party's produced source code for any given software or hardware description release. If the Designating Party objects in any manner to the production of the requested source code (*e.g.*, the request is too voluminous), it shall state its objection prior to the end of the seven (7) calendar days pursuant to this paragraph. In the event of a dispute, the parties will meet and confer within seven (7) calendar days of the objection being raised and if they cannot resolve it the parties will raise it with the Judge.

8.3.11 Hard copy print outs of Source Code shall be provided on Bates numbered and watermarked or colored paper clearly labeled HIGHLY CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY on each page and shall be maintained by the receiving party's outside litigation counsel or other SOURCE CODE QUALIFIED PERSONS in a secured locked area. To the extent that hard copy print outs of Source Code are maintained by a Receiving Party's Expert, the Expert shall store the hard copy print outs in a secure locked container located in the Expert's home office or office at all times when the hard copy print outs of Source Code are not in use. The Receiving Party may also temporarily keep the print outs at: (1) the Court for any proceedings(s) relating to the Source Code, for the dates associated with the

proceeding(s); (2) the sites where any deposition(s) relating to the Source Code are taken, for the dates associated with the deposition(s); and (3) any reasonably secure intermediate location reasonably necessary to transport the print outs (*e.g.*, a safe in a locked hotel room prior to a Court proceeding or deposition, or a secure carrier such as FedEx). For avoidance of doubt, an access-restricted location within the facilities of Outside Counsel of Record or a qualified expert, such as a conference room within an access restricted office while the print outs are being reviewed or used or a locked drawer or cabinet when the print outs are not in use, shall constitute a secured locked area. The Receiving Party shall exercise due care in limiting visual access to the print outs, maintaining the security of the print outs at these temporary locations, and transporting the print outs to and from these temporary locations. Moreover, no more than thirty (30) continuous pages of the Designating Party's Source Code for any given software or hardware description release, in hard copy format, may be shipped via FedEx, or other similar carrier, in any one single container. For the avoidance of doubt, any shipment of the Designating Party's Source Code in paper format that exceeds the limitations above would be required to be shipped in multiple containers. No further hard copies of such Source Code shall be made and the Source Code shall not be transferred into any electronic format or onto any electronic media except that:

8.3.11.1 The Receiving Party is permitted to make up to four (4) additional hard copies for use as working copies by SOURCE CODE QUALIFIED PERSONS.

8.3.11.2 The Receiving Party is permitted to make up to three (3) additional hard copies for use at a deposition. One hard copy of the source code may be marked as an exhibit for the deposition,

and then maintained by the Designating Party. All other copies shall be returned to the Designating Party or securely destroyed immediately after the deposition is concluded.

8.3.11.3 The Receiving Party is permitted to make up to five (5) additional hard copies for the Court in connection with a Court filing, hearing, or trial, and of only the specific pages directly relevant to and necessary for deciding the issue for which the portions of the Source Code are being filed or offered. To the extent portions of Source Code are quoted in a Court filing, either (1) the entire document will be stamped and treated as HIGHLY CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY; or (2) those pages containing quoted Source Code will be separately stamped and treated as HIGHLY CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY.

8.3.11.4 To the extent permitted by the Judge and the Court, the parties will seek permission to treat print outs of Source Code, as physical exhibits that will be submitted to the Court in sealed and labeled envelopes. Notwithstanding the foregoing, the Designating Party and the Receiving Party shall meet and confer to the extent that the receiving party believes that it is reasonably necessary to submit electronic copies of the Source Code as exhibits. To the extent that physical exhibits of the

Source Code are not permitted by the Judge or the Court, electronic copies of Source Code may be made to be included in documents and filings which, pursuant to the Court's rules, procedures and order(s), must be filed or served electronically. In either event, electronic copies of (i) excerpts, of less than forty (40) contiguous lines of Source Code, from the hard copy print outs of the Source Code, (ii) summaries and/or descriptions of the Source Code created by the receiving party, and (iii) testimony related to the Source Code (*e.g.*, deposition and/or hearing transcripts or videos) may be included, as reasonably necessary, in: (a) documents and filings that may be filed, submitted, and/or served electronically; (b) transmissions by a SOURCE CODE QUALIFIED PERSON to a SOURCE CODE QUALIFIED PERSON; or (c) electronic files that are securely stored on a receiving party's or SOURCE CODE QUALIFIED PERSON'S server, hard drive, or thumb drive. After any such storage, electronic filing, submission, or service, the receiving party may maintain reasonable copies of such Source Code, but shall delete all other electronic copies of Source Code from all receiving party electronic storage devices.

8.3.11.5 The Designating Party shall, on request, make a searchable electronic copy of the Source Code available on a secure computer during depositions of witnesses who would otherwise

be permitted access to such Source Code. The Receiving Party shall make such request at the time of the notice for deposition.

8.3.12 Nothing in this Protective Order shall be construed to limit how a Designating Party may maintain material designated as HIGHLY CONFIDENTIAL SOURCE CODE- ATTORNEYS' EYES ONLY.

8.3.13 Outside Counsel of Record for the Receiving Party with custody of HIGHLY CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY Information shall maintain a source code log containing the following information: (1) the identity of each person granted access to the HIGHLY CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY Information; and (2) the first date on which such access was granted. Outside Counsel of Record for the receiving party will produce, upon request, each such source code log to the Designating Party within twenty-one (21) calendar days of the final termination of the litigation.

8.3.14 Information designated as CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY Information must be stored and maintained at a location in the United States and in a secure manner that ensures that access is limited to SOURCE CODE QUALIFIED PERSONS. To ensure compliance with applicable United States Export Administration Regulations, HIGHLY CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY Information may not be exported outside the United States by a SOURCE CODE QUALIFIED PERSON or supplied to any foreign national (even if within the United States). For clarity, HIGHLY CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY Information is not considered exported if carried or sent by a SOURCE CODE QUALIFIED PERSON via secure carrier to a foreign country for the purpose of litigation. Nothing in this

paragraph is intended to limit what a foreign Designating Party may do with its own Source Code.

8.3.15 Unless otherwise permitted in writing between Designating Party and Receiving Party, Experts given access to HIGHLY CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY Information produced by another party must agree in writing not to perform hardware or software development work or product development work intended for commercial purposes related to the particular information disclosed in the CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY from the time of first receipt of such material through the date the expert ceases to have access to any such material. For avoidance of doubt, during periods in which the individual person(s) has ceased to have possession of such material or any documents or notes reflecting such material, this section shall not apply.

8.3.16 Disclosure of a qualified expert's or consultant's educational and detailed employment history to the Designating Party shall include at least (a) the Expert's name; (b) business address; (c) occupation; (d) the Expert's CV; (e) any previous or current relationship with the Designating Party or any of the Parties to this Litigation; (f) a list of other cases in which the Expert has testified (at trial or deposition) within the last six years; and (g) a list of all companies with which the Expert has consulted or by which the Expert has been employed within the last four years, the dates of the consultancy or employment, a brief description of the subject matter of the consultancy or employment. The disclosing party shall also provide copies of the "Acknowledgement and Agreement To Be Bound" to attached as Exhibit A, signed by the Expert, to the Designating Party. This paragraph does not require the disclosing party to disclose aspects of any expert's business or profession or companies with which the proposed expert has consulted or by which the proposed expert has been employed to the extent such information is

confidential or subject to a non-disclosure agreement; in any such instance, the disclosing party will describe the confidential experience in such a manner so as to enable the other parties to determine that no valid concerns exist regarding the disclosing party's retention of that expert.

## 9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

9.1 If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY" that Party must:

9.1.1 promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order.

9.1.2 promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

9.1.3 cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

9.2 If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material-and nothing in these

provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.3 Other Proceedings. By entering this Order and limiting the disclosure of information in the above-captioned action, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

## 10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

The terms of this Order are applicable to information produced by a Non-Party in the above-captioned action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with the litigation is protected by the remedies and relief provided by this Order. Each Non-Party Producing Party shall be provided a copy of this Order by the Party seeking information from said Non-Party. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

## 11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving

Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. The execution of the "Acknowledgement and Agreement to Be Bound" in this instance does not mean that the person or persons shall be entitled to receive Protected Material going forward unless the person or persons meet the requirements of Sections 7.2 or 7.3 as provided above.

**12. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

12.1 Pursuant to Federal Rule of Evidence 502, the inadvertent production or disclosure of any document or thing (including information and Protected Material) otherwise protected by the attorney-client privilege, work-product immunity, or other privilege or immunity shall not operate as a waiver of any such privilege or immunity. If any Receiving Party recognizes that any Producing Party may have inadvertently produced such protected information, it shall notify the Producing Party promptly, and follow such procedures as set forth in this Order. If, after recognizing that privileged information has been produced or disclosed (through notice by a Receiving Party or otherwise), the Producing Party who made the inadvertent production or disclosure may send to each Receiving Party a written request for return of the inadvertently produced or disclosed document or thing within a reasonably prompt period of time following discovery of the inadvertent production. Within seven (7) calendar days of receiving such a request, the Receiving Party shall (a) return to the Producing Party all such documents and things identified by the Producing Party as being protected by the attorney-client privilege, work-product immunity, or other privilege or immunity and as having been

inadvertently produced, and (b) delete any electronic records thereof (with the exception of back-up tapes or other archival media, which should be treated in accordance with standard retention policies). The Receiving Party shall not utilize the information contained in the inadvertently produced documents or things for any purpose, or disseminate or transmit such information, except as provided in subparagraph 12.2 below.

12.2 If the Receiving Party wishes to contest that any such document or thing is protected by the attorney-client privilege or by work-product immunity, the Receiving Party shall so notify the Producing Party in writing when the document or thing is returned to the Producing Party ("Notice of Designation"). If the Receiving Party notifies the Producing Party that it intends to contest the claim of privilege, the Receiving Party may retain one (1) copy of the document(s) or thing(s) at issue for the purposes of filing a motion to contest the designation. The copy retained by the Receiving Party must be sequestered, and may not be used for any purpose except to present the information to the Court for a determination of the claim of privilege.

12.3 Within seven (7) calendar days after receiving a Notice of Designation, the Producing Party shall provide to the Receiving Party for each such document or thing a description of the basis for the claim of privilege or immunity.

12.4 Within seven (7) calendar days after receiving a Notice of Designation, the parties shall meet-and-confer pursuant to Section 8(g) of the Scheduling Order.

12.5 Within seven (7) calendar days after the meet-and-confer, the Receiving Party may seek relief from the Court pursuant to Section 8(g) of the Scheduling Order to compel production of such documents and things, the protection of which is still disputed. Any letter brief filed pursuant to this paragraph shall be filed under seal in accordance with the procedures

set forth herein for filing Protected Material with the court. If the Receiving Party does not contact the Court pursuant to Section 8(g) of the Scheduling Order to contest the designation within such seven (7)-day period, the one (1) copy, if any, retained by the Receiving Party as set forth in subparagraph 12.2 of this Section shall be immediately returned to the Producing Party. Likewise, in the event that the Court rejects the Receiving Party's challenge to the privileged status of the inadvertent production, the one (1) copy, if any, retained by the Receiving Party as set forth in subparagraph 12.2 of this Section shall be immediately returned to the Producing Party.

12.6 With respect to documents and things subsequently generated by a Receiving Party, which documents and things contain information derived from such inadvertently produced documents and things, if the Receiving Party does not notify the Producing Party that the Receiving Party disputes the claims of attorney-client privilege or work-product immunity, or if the Court rejects any challenge by the Receiving Party to the privileged status of the inadvertent production, the Receiving Party shall make reasonable efforts to either destroy the derivative documents and things or redact from them all such derivative privilege or work-product information in a manner such that the derivative information cannot in any way be retrieved or reproduced.

12.7 The procedures set forth in this Section for challenging the privileged status of an inadvertent production shall not result in any waiver of the attorney-client privilege, the work product immunity, or any other privilege or immunity. There shall be no waiver of the attorney-client privilege, the work product immunity, or any other privilege or immunity for an inadvertent disclosure or production if the Producing Party complies with the procedures set forth in this Section with respect to such inadvertent disclosure or production.

## 13. INFORMATION SUBJECT TO HIPPA

13.1 The Parties agree that Protected Health Information ("PHI") shall have the same meaning as "Protected Health Information" as defined in the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") section 160.103, 45 C.F.R. § 160.103. The definition of confidential information in the Protective Order includes PHI, as defined here.

13.2 The parties agree that neither is required to produce any PHI in this Litigation.

13.3 The parties further agree that, to the extent that any produced document contains PHI, any and all such PHI may be permanently redacted by the producing party prior to production of the redacted document.

13.4 Notwithstanding the foregoing, the parties agree that if a Challenging Party alleges that PHI is relevant and/or its production is necessary, then the parties shall attempt to renegotiate this provision. The parties further agree that if such attempted renegotiation proves unsuccessful, they will submit any dispute regarding the production of PHI to the Judge for resolution and the other agreements provided in this Section 13 shall not serve as a basis for opposing any such motion.

## 14. INFORMATION SUBJECT TO EUROPEAN DATA PROTECTION REGULATIONS

14.1 The Parties agree that Personal Data ("PD") shall have the same meaning as "Personal Data" as defined in the REGULATION (EU) 2016/679 of 27 April 2016 ("GDPR") article 4, paragraph 1 and as in the Danish Act No. 429 of 31 May 2000 on Processing of Personal Data ("APPD") section 3(1)1. The Parties further agree that Data Concerning Health ("DCH") shall have the same meaning as "Data Concerning Health" as defined in GDPR article 4, paragraph 15 and as referred to in APPD section 7(1). The definition of confidential information in the Protective Order includes PD and DCH, as defined here.

14.2 The Parties agree that neither is required to produce DCH in this Litigation.

14.3 The parties further agree that, to the extent that any produced document contains DCH, any and all such data may be permanently redacted by the producing party prior to production of the redacted document.

14.4 Other than DCH, the parties agree that all PD - namely PD concerning customers, employees and business partners - not strictly necessary in relation to this Litigation, may be permanently redacted by the producing party prior to production of the redacted document.

14.4.1 In regard to PD not redacted due to the strict necessity in relation of this Litigation, the Parties agree to:

14.4.1.1 document the strict necessity to retain the individual PD items in relation to this Litigation;

14.4.1.2 ensure appropriate security measures for the PD, including protection against unauthorized or unlawful processing (as defined in GDPR article 4, paragraph 2) and against accidental loss, destruction or damage, using appropriate technical or organizational measures;

14.4.1.3 develop measures to accommodate requests regarding the rights of the data subject as listed in GDPR articles 12-15;

14.4.1.4 ensure that the PD is not used for any other secondary purposes beyond this Litigation and any related litigation per Section 17 of this Protective Order; and

14.4.1.5 establish retention periods for the preservation of PD.

14.4.1.5.1 Regardless of the retention period ultimately agreed upon, the parties acknowledge that PD may not be stored any longer than what is strictly necessary in relation to this Litigation and any related litigation per Section 17 of this Protective Order.

14.5 Notwithstanding the foregoing, the parties agree that if a Challenging Party alleges that PD and/or DCH are relevant and/or their production is necessary, then the parties shall attempt to renegotiate this provision. The parties further agree that, if such attempted renegotiation proves unsuccessful, they will submit any dispute regarding the production of PD and DCH to the Judge for resolution and the other agreements provided in this Section 14 shall not serve as a basis for opposing any such motion.

**15. INFORMATION SUBJECT TO ISRAELI AND RUSSIAN DATA PROTECTION REGULATIONS**

15.1 The Parties further agree that they will comply with Israel's Protection of Privacy Law, 5741-1981, Russia's Data Protection Act No. 152 FZ, and Articles 23 and 24 of the Russian Constitution. The definition of confidential information in the Protective Order is amended to include information subject to those laws, acts, and articles.

15.2 The parties agree that neither is required to produce any information subject to those laws, acts, and articles to the extent that those laws, acts, and articles prohibit the production of information.

15.3 The parties further agree that, to the extent that any produced document contains information that may not be produced under those laws, acts, and articles, all such information may be permanently redacted by the producing party prior to production of the redacted document.

15.4 Notwithstanding the foregoing, the parties agree that if a party alleges that information redacted pursuant to this Section 15 is relevant and/or its production is necessary, or that its redaction was not required under those laws, acts, and articles, then the parties shall attempt to renegotiate this provision. The parties further agree that if such attempted renegotiation proves unsuccessful, they will submit any dispute regarding the production of such information to the Judge for resolution and the other agreements provided in this Section 15 shall not serve as a basis for opposing any such motion.

**16. SECURITY AND CONFIDENTIALITY OF PROTECTED DATA**

16.1 "Protected Data" constitutes highly sensitive materials requiring special protection and includes any information that a party believes in good faith to be subject to federal, state or foreign data protection laws or other privacy obligations including the laws identified in Section 13-15. To the extent any is produced following execution of this protective order, Protected Data shall be marked with the legend "Protected Data," or a comparable notice. Any party receiving data marked with the legend "Protected Data" shall take technical and organizational security measures that are appropriate to the risks presented by the processing, such as security measures to prevent unauthorized access by persons not subscribed to the Protective Order. Any person acting under the authority of a receiving party, including a data processor, must not process the data except on instructions from the receiving party. Any party receiving data marked with the legend "Protected Data" shall have in place procedures so that any third-party it authorizes to have access to the personal data, including processors, will respect and maintain the confidentiality and security of the personal data. Failure to mark a document as containing "Protected Data" shall not be deemed a waiver of the requirements of the relevant laws identified in Sections 13-15 if it is later determined that such a marking was warranted.

**17. <u>CROSS USE</u>**

17.1 By entering into the agreement memorialized in this Section 17, the parties do not concede or otherwise agree or accept that any information from this litigation is relevant or admissible as evidence in any other litigation, and expressly reserve all objections to any use of any such information in any other litigation, except the parties hereby waive their right to object on the grounds that confidential business information of a party provided in this litigation may only be used in this litigation.

17.2 The parties agree, subject to the reservation of objections above, that the parties may use information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY of a party provided in this litigation ("Cross-Use Information") in any of the following litigations between the parties, despite any restrictions to the contrary in this Order or any addendum thereto, and that, for purposes of this provision, such Cross- Use Information will be deemed produced in the following litigations between the parties:

- *Certain Intraoral Scanners and Related Hardware and Software*, Inv. No. 337-TA-1090 (U.S.I.T.C.);
- *Certain Color Intraoral Scanners and Related Hardware and Software*, Inv. No. 337-TA-1091 (U.S.I.T.C.);
- *Align Technology, Inc. v. 3Shape A/S*, C.A. No. 17-1646-LPS-CJB (D. Del.);
- *Align Technology, Inc. v. 3Shape A/S*, C.A. No. 17-1647-LPS-CJB (D. Del.);
- *Align Technology, Inc. v. 3Shape A/S*, C.A. No. 17-1648-LPS-CJB (D. Del.);
- *Align Technology, Inc. v. 3Shape A/S*, C.A. No. 17-1649-LPS-CJB (D. Del.);
- *3Shape A/S v. Align Technology, Inc.*, C.A. No. 18-0697-LPS-CJB (D. Del.);
- *3Shape A/S v. Align Technology, Inc.*, C.A. No. 18-00886-LPS-CJB (D.Del.); and
- *Certain Dental and Orthodontic Scanners and Software*, Inv. No. 337-TA-1144 (U.S.I.T.C.).

17.3 To the extent that a document containing Cross-Use Information also includes third party CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY information, such information must be redacted therefrom before the Cross-Use Information can be used in any other litigation, unless permission to so use the information is obtained from the third party.

**18. MISCELLANEOUS**

18.1 Right to Further Relief. Nothing in this Order abridges the right of any person to see its modification by the Court in the future.

18.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

18.3 Filing Protected Material. All documents of any nature, including briefs, that have been designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY" and that are filed with the Court, shall be filed under seal in accordance with the Local Rules of the United States District Court for the District of Delaware.

**19. FINAL DISPOSITION**

Within 60 calendar days after the final disposition of the above-captioned action, as defined in Section 3, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline confirming the return or

destruction of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 3.

*/s/ Geoffrey G. Grivner*
Geoffrey G. Grivner (No. 4711)
BUCHANAN INGERSOLL & ROONEY P.C.
919 North Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 552-4207
Email: geoffrey.grivner@bipc.com

*Attorneys for Plaintiff*

*/s/ Jeffrey Thomas Castellano*
John W. Shaw (No. 3362)
Andrew Russell (No. 5382)
Jeffrey Thomas Castellano (No. 4837)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 298-0700
Email: jshaw@shawkeller.com
arussell@shawkeller.com
jcastellano@shawkeller.com

*Attorneys for Defendant*

SO ORDERED this __________ day of __________ , 2019.

______________________________
United States Magistrate Judge

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ______________________________ [print or type full name], of [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Delaware on ______________________________ in the above-captioned case of *3Shape A/S v. Align Technology, Inc.*, C.A. No. 18-0697-LPS-CJB ("the Action"). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

Date: ____________________________________

City and State where sworn and signed: ____________________________________

Printed name: ____________________________________

Signature: ____________________________________