# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| 3SHAPE A/S, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : C.A. No. 18-886-LPS |
| | : **CONSOLIDATED** |
| ALIGN TECHNOLOGY, INC., | : |
| | : |
| Defendant. | : |

## MEMORANDUM ORDER

WHEREAS, Magistrate Judge Hall issued a 24-page Report and Recommendation (the "Report" or "Rep.") (D.I. 176), dated May 6, 2020, recommending that the Court adopt certain constructions for claim terms[1] in U.S. Patent Nos. 10,349,042 (the "'042 patent"), 9,629,551 (the "'551 patent"), and 9,962,244 (the "'244 patent"), in this action between Plaintiff 3Shape A/S ("3Shape" or "Plaintiff") and Defendant Align Technology, Inc. ("Align" or "Defendant");

WHEREAS, on May 20, 2020, Align objected to the Report ("Objections" or "Objs.") (D.I. 186), specifically objecting to (1) the recommended construction for the term "intraoral scanner" in claims 1, 17, 19, and 21 of the '042 patent; (2) the recommendation that claim 13 of the '551 patent is not indefinite; (3) the recommended construction for the term "a multichromatic light source for providing a multichromatic probe light for illumination of the object" in claims 1 and 29 of the '244 patent; and (4) the recommended construction for the term "surface color information" in claims 1 and 29 of the '244 patent;

---

[1] Judge Hall recommended the Court adopt the parties' agreed-upon constructions for four terms and recommended constructions for 17 disputed terms, after reviewing the record and hearing oral argument. (Rep. at 2-4)

1

WHEREAS, Align did not object to Judge Hall's recommended constructions for the remaining terms in the '042, '551, and '244 patents;

WHEREAS, on June 2, 2020, 3Shape responded to Align's Objections ("Response" or "Resp.") (D.I. 189);

WHEREAS, on October 1, 2020, the parties agreed to dismiss, without prejudice, all claims and counterclaims related to the '244 patent, mooting the portion of Align's objections directed to disputed claim terms in the '244 patent (D.I. 296);

WHEREAS, the Court has considered the parties' objections and responses relating to the claim construction disputes *de novo*, *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *St. Clair Intellectual Prop. Consultants, Inc. v. Matsushita Elec. Indus. Co., Ltd.*, 691 F. Supp. 2d 538, 541-42 (D. Del. 2010);

NOW, THEREFORE, IT IS HEREBY ORDERED that Align's Objections are OVERRULED and the Report is ADOPTED.

1. The Court agrees with the Report that the term "intraoral scanner" in claims 1, 17, 19, and 21 of the '042 patent does not require construction. (*See* Rep. at 19-21) Align argues that the claimed "intraoral scanner" is limited to "an intraoral scanning device that uses a pre-determined measure of the illumination pattern and contrast detection," based on Align's contention that the specification "clearly defines the scope of the invention as excluding the disparaged prior art" lacking the features Align would have the Court read into the claims. (Objs. at 2; *see also* '042 patent at 2:16-20) The Court has considered the portions of the Abstract, Summary, and remainder of the specification on which Align relies and finds that none of them, alone or in combination, informs a person of ordinary skill in the art that the patentee was so disparaging of the prior art as to evince a clear intent to disclaim embodiments of

"intraoral scanners" that do not contain the three limitations – illumination pattern, pre-determined measure, and contrast detection – Align seeks to include in the construction. Instead, the Court agrees with 3Shape that "[w]hile some embodiments of the intraoral scanner in the '042 patent describe 'pre-determined measure of the illumination pattern' and 'contrast detection,' these aspects are not claimed nor are they required to define what an intraoral scanner is." (Resp. at 4) The Court also finds no error in the Report's analogizing the situation here to that confronted by the Federal Circuit in *Ventana Med. Sys. v. BioGenex Labs., Inc.*, 473 F.3d 1173 (Fed. Cir. 2006).

2. Turning to Align's objection relating to claim 13 of the '551 patent (D.I. 186 at 6-8), the Court agrees with the Report (at 14) that Align has failed to show, by clear and convincing evidence, that a person of ordinary skill in the art would not have reasonable certainty as to the scope of the disputed claim term. *See Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 901 (2014). Contrary to Align's contention (*see* Objs. at 7), there is no logical inconsistency between "permanently disregarding" a scanned surface in claim 1 and "not disregarding" a scanned surface in claim 13, which depends on claim 1, because claim 13 is not limited to being practiced in the order on which Align's objection implicitly relies. *See Mformation Techs., Inc. v. Rsch. in Motion Ltd.*, 764 F.3d 1392, 1398 (Fed. Cir. 2014) ("As a general rule, unless the steps of a method claim actually recite an order, the steps are not ordinarily construed to require one."). Claim 13 would be understood as requiring a surface existing in an excluded volume be permanently disregarded unless it is also found in the near threshold distance. (*See* Rep. at 14; *see also* D.I. 108-4 at ¶¶ 61-71)

December 28, 2020  
Wilmington, Delaware

_____  
HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE

3