IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| 3SHAPE A/S, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-886-LPS |
| | ) | |
| ALIGN TECHNOLOGY, INC., | ) | **CONSOLIDATED** |
| | ) | |
| Defendant. | ) | |

**DEFENDANT ALIGN TECHNOLOGY INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO STAY PENDING *INTER PARTES* REVIEW**

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Jeff Castellano (No. 4837)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
jcastellano@shawkeller.com
*Attorneys for Defendant*

OF COUNSEL:
Mark L. Levine
Reid M. Bolton
Anastasiya Maione
Benjamin Montague
BARTLIT BECK LLP
54 West Hubbard Street
Suite 300
Chicago, IL 60654
(312) 494-4400

Daniel C. Taylor
John M. Hughes
BARTLIT BECK LLP
1801 Wewatta Street
Suite 1200
Denver, CO 80202
(303) 592-3100

Dated: January 21, 2021

## TABLE OF CONTENTS

I. NATURE AND STAGE OF THE PROCEEDINGS AND STATEMENT OF FACTS .......... 1

II. SUMMARY OF THE ARGUMENT .......... 2

III. ARGUMENT .......... 3

A. A stay will likely result in significant issue simplification. .......... 4

B. The stage of the case weighs in favor of a stay .......... 6

C. A stay will not cause undue prejudice or create a clear tactical advantage. .......... 7

IV. CONCLUSION .......... 9

# TABLE OF AUTHORITIES

**Cases**

*454 Life Scis. Corp. v. Ion Torrent Sys., Inc.*,
C.A. No. 15-595-LPS, 2016 WL 6594083 (D. Del. Nov. 7, 2016) .................................... 8

*British Telecomms. PLC v. IAC/InterActiveCorp*,
C.A. No. 18-366-WCB, 2019 WL 4740156 (D. Del. Sept. 27, 2019)....................... passim

*Ethicon LLC v. Intuitive Surgical, Inc.*,
C.A. No. 17-871-LPS, 2019 WL 1276029 (D. Del. Mar. 20, 2019) .......................... 5, 7, 8

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
C.A. No. 18-452-WCB, 2019 WL 3943058 (D. Del. Aug. 21, 2019)............................ 5, 6

*NFC Tech. LLC v. HTC Am., Inc.*,
No. 2:13-cv-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015)........................... 6

*Realtime Data, LLC v. Hewlett Packard Enter. Co.*,
No. 6:16-cv-00086 RWS-JDL, 2017 WL 3712916 (E.D. Tex. Feb. 3, 2017).................... 5

*Sirona Dental Sys. GmbH v. Dental Wings, Inc.*,
C.A. No. 14-460-LPS-CJB, 2016 U.S. Dist. LEXIS 155706 (D. Del. Mar. 30, 2016) ...... 7

*Softview LLC v. Apple Inc.*,
C.A. No. 12-989-LPS, 2013 WL 4757831 (D. Del. Sept. 4, 2013)............................... 4, 6

## I. NATURE AND STAGE OF THE PROCEEDINGS AND STATEMENT OF FACTS

Plaintiff 3Shape A/S ("3Shape") filed a Complaint in this action on June 14, 2018, accusing defendant Align Technology, Inc. ("Align") of infringing U.S. Patent No. 9,629,551 (the "'551 patent"). D.I. 1. Thirteen months later, on August 30, 2019, 3Shape amended its Complaint to assert infringement of a second patent, U.S. Patent No. 10,349,042 (the "'042 patent"), which issued on July 19, 2019.[1] D.I. 44.

The parties are currently in fact discovery related to Align's unclean hands affirmative defense as to the '042 patent. That defense is based on the conduct of an attorney representing 3Shape (and subject to this Court's Protective Order) who worked on patent litigation between Align and 3Shape and had access to Align's confidential information while simultaneously preparing the '042 patent application and prosecuting the patent application in front of the patent office. That conduct violated the prosecution bar of the Protective Order. Align is pursuing discovery from 3Shape, 3Shape's litigation counsel, as well as the third-party attorney and his law firm (the attorney and his law firm withdrew from their representation of 3Shape in early 2020).

Expert discovery on the claims and defenses other than unclean hands has concluded, but the parties have not yet filed case dispositive motions. Case dispositive motions will be filed after discovery concludes on Align's unclean hands defense. D.I. 336. Nor is there a trial date set in this action. D.I. 314 (vacating trial date in this action). The Court has stated that "it is presently entirely unclear when the Court will be able to try this case" in light of the pandemic and the difficulty scheduling trials. D.I. 336.

---

[1] At one point, 3Shape also accused Align of infringing a third patent, which was originally filed in a separate action, C.A. No. 18-697, and then consolidated with this action. On October 1, 2020, the parties jointly dismissed that patent from the current action without prejudice. D.I. 296.

On June 18, 2020, Align filed petitions for *inter partes* review ("IPR") on all claims of the '042 patent on the grounds that they were unpatentable. After filing its petition, Align informed this Court on multiple occasions that it intended to request a stay of the case if the Patent Trial and Appeals Board ("PTAB") instituted *inter partes* review. *See* C.A. 17-1646 D.I. 478 at 2 ("If the PTAB grants institution of an IPR with respect to the '042 patent, Align plans on requesting a stay of the 886 case at that time. A decision is expected by January."); C.A. 17-1646 D.I. 505 at 4 ("Align intends to move to stay the 886 case if any of the petitions are granted.").

Yesterday (January 20, 2021), the Patent Trial and Appeals Board ("PTAB") instituted *inter partes* review as to each of the claims of the '042 patent. In granting Align's petition, the PTAB stated that Align had shown "a reasonable likelihood that it would prevail with respect to all claims challenged in the Petition," that "[b]oth overlapping grounds of unpatentability in the Petition have a reasonable likelihood of success," and that the PTAB had determined that "the merits are strong on the preliminary record." (Ex. A at 2, 42-43.) Now that one of the two patents asserted in this case is under IPR,[2] Align moves to stay the case pending the results of that review by the PTAB.

## II. SUMMARY OF THE ARGUMENT

District courts have the "inherent power to control [their] own dockets, including the power to stay proceedings before [them]." *British Telecomms. PLC v. IAC/InterActiveCorp,* C.A. No. 18-366-WCB, 2019 WL 4740156, at *2 (D. Del. Sept. 27, 2019) (citing *Clinton v. Jones*, 520 U.S.

---

[2] Align previously filed petitions for IPR of the '551 patent. The PTAB denied institution after 3Shape made several statements narrowing the scope of its clams. *See*, *e.g.* D.I. 176 at 13 (Judge Hall's *Markman* Report and Recommendation noting that 3Shape's statements about the scope of its claims during the '551 patent IPR were "clear and unmistakable disclaimer.")

681, 706 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). That inherent power includes the power to stay proceedings while the PTAB is reviewing the validity of a patent. *Id.*

"District courts typically consider three factors when determining whether to grant a stay pending *inter partes* review of the patent in suit: '(1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage.'" *Id.* (*quoting Princeton Dig. Image Corp. v. Konami Dig. Entm't Inc.*, C.A. No. 12-1461, 2014 WL 3819458, at *2 (D. Del. Jan. 15, 2014)). Here, all of the relevant factors weigh in favor of a stay pending IPR review of the '042 patent.

First, a stay is highly likely to simplify the issues for trial. The PTAB may hold many of the claims at issue here unpatentable, and even if it does not, its decision will simplify the issues by providing additional prosecution history and by narrowing the invalidity questions presented at trial. *See id.* at *3 ("A stay is particularly justified when the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues.") (quotation and citation omitted). Second, there is no trial date and both the parties and the Court will potentially conserve resources by waiting for the outcome of the IPR. Finally, there is no potential for prejudice to 3Shape. The Court has already stated that it does not know when it will be able to try this case and a stay while the PTAB evaluates the '042 patent provides no tactical advantage to Align. Align therefore respectfully requests that the Court stay the case pending review.

## III. ARGUMENT

All three of the relevant factors weigh in favor of a stay of this case.

**A. A stay will likely result in significant issue simplification.**

Whether a stay will simplify the issues at trial is "[t]he most important factor bearing on whether to grant a stay." *British Telecomms*., 2019 WL 4740156, at *7. This Court has found that a stay will simplify the issues when there is a possibility that "even some of the asserted claims [will] be found invalid," which "would reduce the number of issues left to be litigated." *Softview LLC v. Apple Inc.*, C.A. No. 12-989-LPS, 2013 WL 4757831, at *1 (D. Del. Sept. 4, 2013). The Court has also concluded that a stay can simplify the issues even when no claim is found unpatentable. For instance, statutory estoppel can limit the invalidity arguments that are available, the Court can benefit from the PTAB's claim construction rulings, "the IPR proceeding may produce additional prosecution history that could assist the Court," and a stay "reduces what otherwise could be duplication of effort and possibly inconsistent results between the administrative agency and this Court." *British Telecomms.*, 2019 WL 4740156, at *8.

This Court has also explained that "as a general matter the arguments for a stay pending institution and/or completion of an IPR have been strengthened by recent changes in the law: namely, institution must be on all or none of the claims on which IPR is sought . . . and claim construction undertaken by the [PTAB] is now conducted according to the same legal standards this Court must apply." Ex. B, *Arch Chems., Inc. v. Sherwin-Williams Co*., C.A. No. 18-2037-LPS, D.I. 48 (D. Del. Nov. 5, 2019) (citing *SAS Inst., Inc. v. Iancu*, 138 S. Ct. 1348, 1354-55 (2018)).

Here, a stay is highly likely to simplify the issues. First, the PTAB instituted review on all twenty-two claims of one of the two patents at issue. There is a high probability that the PTAB will hold at least some claims unpatentable, which will unquestionably simplify the issues for trial. *See* Ex. C at 14 (USPTO statistics for 2020 Fiscal Year showing that more than 80% of final written decisions result in a finding that at least some claims are unpatentable). Even if the PTAB does not hold any claims unpatentable, its decision will still simplify the issues for trial. As just

one example, statutory estoppel will narrow the invalidity issues. *See* D.I. 307 (stipulating that Align will not raise arguments in Court that are raised in its instituted IPR(s) or any other ground that could reasonably have been raised in the instituted IPR(s)). Moreover, the PTAB ruling would aid the Court's decision-making by providing additional prosecution history and interpretive guidance.

The fact that IPR estoppel will only affect one of the two patents at issue in this case should not change the analysis. "[D]istrict district courts have frequently issued stays in cases in which IPR proceedings have been instituted on fewer than all the claims asserted in the related litigation." *British Telecomms.*, 2019 WL 4740156, at *7. This includes cases where IPR is instituted for some patents but not others. For example, in *IOENGINE, LLC v. PayPal Holdings, Inc.*, the Court rejected a party's argument opposing a stay because "the currently instituted IPR addresse[d] only one of the three patents-in-suit." *See* C.A. No. 18-452-WCB, 2019 WL 3943058, at *9 (D. Del. Aug. 21, 2019). The Court stated in its opinion that:

> if the PTAB invalidates all of the claims before it, the case will unquestionably become simpler. One patent will be removed from the case altogether, and the task of dealing with the remaining 15 related claims from the other patents . . . will become significantly easier than it would have been with the 20 claims from three different patents.

*Id.; see also Ethicon LLC v. Intuitive Surgical, Inc.*, C.A. No. 17-871-LPS, 2019 WL 1276029, at *2 (D. Del. Mar. 20, 2019) (granting stay where the IPR petition as to one patent had been denied, because "substantial simplification [was] almost certain" as to the other patents); *see also Realtime Data, LLC v. Hewlett Packard Enter. Co.*, No. 6:16-cv-00086 RWS-JDL, 2017 WL 3712916, at *4 (E.D. Tex. Feb. 3, 2017) ("[T]he fact that the PTAB has already instituted review of five of the seven Asserted Patents makes it highly likely that there will be at least some simplification of the issues in this case overall."). This case is the same: even though only one of two patents is at issue

before the PTAB, any ruling on that patent will significantly simplify the issues before this court at trial.

The strong likelihood of issue simplification is particularly important in a complex case like this one, where there is a high premium on simplifying the issues for the Court and the jury. "In a case involving technology as complex as the technology in this case, which is sure to challenge the ability of the jury to absorb and rationally decide issues of infringement and invalidity, there is a particularly high premium on simplification." *IOENGINE*, 2019 WL 3943058 at *9.

**B. The stage of the case weighs in favor of a stay.**

The state of the proceedings also supports granting a stay. "[C]ourts have been nearly uniform in granting motions to stay proceedings in the trial court after the PTAB has instituted *inter partes* review proceedings." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *6 (E.D. Tex. Mar. 11, 2015); *see also id.* at *7 ("[A]fter the PTAB has instituted review proceedings, the parallel district court litigation ordinarily should be stayed."); *British Telecomms.*, 2019 WL 4740156, at *5 ("[T]he IPR proceeding has already been instituted in this case, so there is no uncertainty as to whether the PTAB will grant the Vimeo defendants' petition for review."). Because IPR proceedings have already been instituted, a stay is appropriate here.

In addition, a stay is appropriate at this stage because the bulk of "fact discovery is now complete," which "mitigat[es] the risk of evidentiary staleness." *Softview*, 2013 WL 4757831, at *1. At the same time, there is a significant amount of work that could potentially be avoided (and resources conserved) by granting a stay. The parties still have to conduct fact discovery on Align's unclean hands affirmative defense as to the patent that is now in IPR. Given the privilege questions related to that affirmative defense, fact discovery on that defense may be contentious and time-

intensive both for the parties as well as 3Shape's former law firm. Another factor supporting a stay in this situation is the fact the parties have yet to brief any summary judgment or *Daubert* motions. By granting a stay, both the Court and the parties could save an enormous amount of resources in the event some or all of the claims of the '042 patent are held unpatentable, as the PTAB has suggested. *See* Ex. A at 42-43 ("Both overlapping grounds of unpatentability in the Petition have a reasonable likelihood of success . . . [i]n this circumstance, we determine that the merits are strong on the preliminary record.")

In short, this is "an efficient stopping point" favoring a stay, *Ethicon*, 2019 WL 1276029 at *2, because the bulk of fact discovery is finished while significant deadlines remain over the next few months, despite no set trial date.

**C. A stay will not cause undue prejudice or create a clear tactical advantage.**

A stay would not prejudice 3Shape in any cognizable way. In assessing whether a plaintiff would suffer undue prejudice (or whether a defendant would gain an unfair advantage) if a stay were granted, courts examine four factors: (1) the timing of the request for review; (2) the timing of the request for a stay; (3) the status of the review proceedings; and (4) the relationship of the parties. *British Telecomms.*, 2019 WL 4740156, at *5. This Court has found a stay to be appropriate where a party "acted with reasonable dispatch in filing their petition for *inter partes* review," where that party "filed their motion for a stay within ten days after the IPR institution decision," and where there was a prospect that an IPR decision would be entered before trial. *Id.*

Align acted with reasonable dispatch in bringing its IPR petition, which it filed on June 18, 2020, four months before the one-year statutory deadline. 35 U.S.C. § 315(b). Align previously informed the Court of its intent to seek the stay and has now filed this motion the very next day after IPR review was instituted. *See Sirona Dental Sys. GmbH v. Dental Wings, Inc.*, C.A. No. 14-460-LPS-CJB, 2016 U.S. Dist. LEXIS 155706, at *26 (D. Del. Mar. 30, 2016) (granting post-

institution motion to stay and noting that "[i]n all but unusual cases, it is hard for the Court to conclude that filing for an IPR in the sanctioned statutory window speaks to sharp practice"). With respect to the status of the IPR proceeding, there is a significant chance that an IPR decision will be rendered prior to a trial in this case. There is currently no trial date scheduled in this litigation, D.I. 314, and the Court has noted "that it is presently entirely unclear when the Court will be able to try this case." D.I. 336.

Finally, the relationship between the parties does not weigh against a stay. Although the parties are competitors, there is no evidence that Align brought its IPR petition or this motion for any improper competitive purpose. *See Ethicon*, 2019 WL 1276029, at *3 (finding no undue prejudice and granting post-institution motion to stay where the plaintiff could not demonstrate that the defendant's motivation for its litigation strategy was to "benefit in the marketplace from a postponement of trial"). "Nor is there any indication [Align's] motion was 'prompted by, for example, a case event that harmed' [Align]." *Id.* (*quoting Ever Win Int'l Corp. v. Radioshack Corp.*, 902 F. Supp. 2d 503, 508–09 (D. Del. 2012)). Moreover, any claim of undue prejudice is undermined by 3Shape's decision not to pursue a preliminary injunction. *Id.* (noting that the plaintiff's "decision not to seek a preliminary injunction" weighed in favor of a stay).

In addition, the fact that the parties are competitors is less significant in this case because 3Shape does not seek lost profits. Instead, it seeks only reasonable royalties, which can easily be compensated after the fact. *See 454 Life Scis. Corp. v. Ion Torrent Sys., Inc.*, C.A. No. 15-595-LPS, 2016 WL 6594083, at *5 (D. Del. Nov. 7, 2016) (finding that the competitive "harm does not appear to be of overwhelming significance" in a case where the "Plaintiff did not seek a preliminary injunction and its damages model seeks reasonable royalties and not lost profits").

Because there is no evidence that 3Shape would suffer undue prejudice or that Align would gain a clear tactical advantage from a stay, this factor weighs in favor of granting Align's motion.

## IV. CONCLUSION

For the reasons set forth above, Align requests that the Court enter the Proposed Order attached to Align's motion, staying this action until the PTAB issues its final written decision on patentability of the '042 patent.

*<u>/s/ Jeff Castellano</u>*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Jeff Castellano (No. 4837)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
jcastellano@shawkeller.com
*Attorneys for Defendant*

OF COUNSEL:
Mark L. Levine
Reid M. Bolton
Anastasiya Maione
Benjamin Montague
BARTLIT BECK LLP
54 West Hubbard Street
Suite 300
Chicago, IL 60654
(312) 494-4400

Daniel C. Taylor
John M. Hughes
BARTLIT BECK LLP
1801 Wewatta Street
Suite 1200
Denver, CO 80202
(303) 592-3100

Dated: January 21, 2021