

Steven P. Wood
Partner

T. 302-984-6312
F. 302-220-4616

swood@mccarter.com

McCarter & English, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801-3717
www.mccarter.com

May 28, 2021

**VIA CM/ECF & HAND DELIVERY**
The Honorable Jennifer L. Hall
United States Magistrate Judge
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801



PUBLIC VERSION FILED: June 11, 2021

Re:   3Shape A/S v. Align Technology, Inc., C.A. No. 18-886-LPS

Dear Judge Hall:

Non-party Buchanan Ingersoll & Rooney PC ("Buchanan') and ▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮ respectfully submit this letter in response to Defendant Align Technology's
("Align") Second  Motion to Compel documents and information allegedly relevant to Align's
unclean hands defense. Because some of the requested material is privileged, and because all of
the requested material is irrelevant and is outside the scope of any extant subpoena, Buchanan and
▮▮▮▮▮▮▮▮ oppose the motion.

**I.      Align's Accusations of Unclean Hands Are Not Supported By The Evidence.**

On April 27, 2020, when filing a motion to further amend its  Complaint and Counterclaims,
Align accused ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ of improperly accessing its confidential material and then
using that confidential material to amend 3Shape's pending patent application to tailor the claim
to cover Align's product. (D.I. 171). Over the next year, Align was permitted to take full and fair
discovery in pursuit of its claim. Documents were subpoenaed and produced, and ▮▮▮▮▮▮ and
a 30(b)(6) witness from Buchannan, ▮▮▮▮▮▮▮ were deposed.. Align was even granted leave
to have this Court examine *in camera* fifty of Buchanan's privileged documents to determine
whether they might support its accusation. Ex. B. After all of this, there is *zero* evidence that
supports Align's accusation that ▮▮▮▮▮ improperly accessed its confidential material. The
reason for that is simple: it never happened.

In fact, the discovery collected by Align only corroborated ▮▮▮▮▮ original
Declaration that he had "never reviewed, seen, discussed or sought to review, see or discuss any
Confidential Align Materials." (D.I. 175 ¶ 18). Ex. A. Documents relevant to the instant matter
were stored, managed and maintained for Buchanan by Contact Discovery Services in its 3Shape
Relativity workspace, and also in Buchanan's internal document management system. A search of
▮▮▮▮▮▮ account access history maintained by both systems showed that he never accessed
any documents produced by Align. Ex. C, Ex. D. at 10:2-5; 17:20-24; 51:20-57:8; 120:21-121:8). In
its response to Align's subpoena Buchanan represented that after a thorough search (which
included ▮▮▮▮▮ computer) it found no documents or communications relating to

 "access, attempted access, or viewing of any of Align's Protected Material," or to "any meeting or discussion involving ███████ and relating to Protected Material produced by Align." Ex. E at 10-12; Ex. D at 123:5-124:9. And, of course, during his deposition ███████ himself repeatedly denied ever accessing Align's confidential information or otherwise being exposed to it. *See* Ex. F at 23:917; 31:1-10; 36:1-8; 40:18-23; 42:15-43:1; 62:8-14; 77:13-78:13.

## II.      The New Material Align Seeks To Support Its Speculative New Theory Is Irrelevant

In tacit recognition that there is no evidence to support its original theory that ███████ intentionally accessed Align's confidential information, Align's latest Motion to Compel rests upon an entirely new story, which is that an *unknown* attorney at Buchanan *might* have unwittingly shared Align's confidential information with ███████ during an unspecified conversation that *might* have occurred at an *unknown* date and time, and that ███████ in turn *might* have unwittingly used that confidential information to inform his amendments to the 3Shape's pending claim in some *unknown* way.[1] Align tellingly fails to cite to this Court a single passage in the depositions or a single document that supports that assertion. This leaves Align with nothing more than conjecture that it was "inevitable" that ███████ heard some nameless confidential information at some point. (D.I. 388 at 2.). There is  no evidence to support this claim.

Align's Motion to Compel seeks leave to expand the scope of discovery to pursue its speculative new theory. Rule 26(b)(1) prohibits discovery when "requested information is not relevant ... if the inquiry is based on the party's mere suspicion or speculation." *Invensas Corp. v. Renesas Elecs. Corp.*, 287 F.R.D. 273, 278 (D. Del. 2012) (quoting *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1326 (Fed. Cir. 1990). Because Align has cited no evidence that supports its new theory, discovery in support of it must be denied as irrelevant.

## III.     There Is No Existing Subpoena That Compels The Production Of  "The Dates And Attendees Of The Meetings" Referenced In ███████ Deposition.

Rule 45 only requires the production of those documents that are specifically requested by subpoena. Fed. R. Civ. P. 45(a)(1)(iii). As acknowledged by Align, the subpoena that it now seeks to enforce commanded Buchanan to produce "all Documents and Communications related to any meeting or discussion involving ███████ *and relating to Protected Material produced by Align*." D.I. 388 at 2 (emphasis added). On September 4, 2020, Buchanan fully responded to this request by advising Align that "no such documents or communications existed." Ex E. at 11. Align now seeks to expand its request to include documents or communications pertaining to *any* meeting ███████ might have attended it with any attorney who was working on the 3Shape / Align litigation, regardless of what was discussed. Align's new request is far beyond the bounds of what it requested in the extant subpoena. Align a cannot compel the production of information that it has not previously subpoenaed based upon

---

[1] Align has never so much as hinted, even in broad terms, as to which of its confidential documents, or how its confidential information, might have been used to amend 3Shape's patent claim. Ex. D at 124:11-125:10.

unfounded speculation that it might support its brand-new theory. For that reason alone, the Motion to Compel must be denied.

## IV.   Align's Attempt To Greatly Expand The Scope Of Non-Party Buchanan's Discovery Obligations Is Not Proportional And Is Unduly Burdensome.

A simple list of the dates and attendees of all 3Shape / Align litigation meetings possibly attended by ██████████ cannot conceivably constitute evidence of Align's new theory that its confidential information might have been discussed by an unknown person in ██████████ presence. Therefore, there can be no doubt that Align's request for this information is nothing more than the first step down a new and long road in the discovery process that will inevitably include new document requests and new deposition subpoenas.  This is exactly the unduly burdensome expansion of discovery that was presaged by counsel for Buchanan during the February 25, 2021 hearing on Align's first Motion to Compel, and which Your Honor hoped to prevent. Ex B. at 29:2-13.  Buchanan's non-party status "may be considered by the court in weighing the burdens imposed in the circumstances." *Syngenta Crop Prot., LLC v. Willowood, LLC*, 2016 WL 4925099, at *2 (D. Del. Sept. 14, 2016).  Moreover, collecting the meeting invites is not a simple matter. Each of ██████████ calendar invites would have to be reviewed individually to determine if it is related to the Align / 3Shape litigation.  Those burdens, especially given the entirely speculative nature of the theory now being pursued by Align, weigh decisively in favor of denying Align's motion.

## V.   Align's Renewed Attempt To Compel Buchanan To Disclose Privileged Communications Must Be Denied.

Align repeatedly asked Buchanan's 30(b)(6) witness, ██████████ whether there were discussions about how Align's iTero product worked during meetings of the 3Shape / Align litigation team that ██████████ might have attended.  *See* Ex D. at 90:6– 93:3; 103:25-106:13. After a timely privilege objection, on each occasion counsel for Align clarified that the question was intended to be broader than a request for information about whether Align's confidential information was discussed, and was instead intended to cover *any* discussion about Align's product *regardless of the source of the information*. *Id.* at 93:10; 104:8. There are, of course, multiple possible sources of information about the working of Align's iTero product that are wholly unrelated to Align's confidential information. It is obvious that some of those sources, such as information potentially conveyed to Buchanan by 3Shape or potentially developed by Buchanan's attorneys through their analysis of publicly-available information, would be privileged or work product.  In response, all Align offers the Court is another attempt to invoke the "sword/shield" doctrine that has already been rejected by the Court in this matter.  Ex. B at 43:13- 44:1. Once again, the issue of what might have been discussed about Align's products in ██████████ presence was interjected into this case by Align, and Buchanan is in no way attempting to rely offensively upon those privileged communications.  *See* D.I. 352 at 2-3.

For these reasons, non-party Buchanan respectfully request that the Court deny Align's motion to compel.

May 28, 2021
Page 4

Respectfully Submitted,

/s/ Steven P. Wood

Steven P. Wood, Esq. (#2309)

cc:      All Counsel (via CM/ECF)

# EXHIBIT A

# THIS DOCUMENT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT B

# THIS DOCUMENT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT C

# THIS DOCUMENT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT D

# THIS DOCUMENT HAS

# BEEN REDACTED IN ITS

# ENTIRETY

# EXHIBIT E

**THIS DOCUMENT HAS**

**BEEN REDACTED IN ITS**

**ENTIRETY**

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that true and correct copies of the foregoing

document were caused to be served on May 28, 2021 on the following counsel in the manner

indicated:

## VIA EMAIL

Joanna J. Cline (#5873)
James H.S. Levine (#5355)
TROUTMAN PEPPER HAMILTON SANDERS, LLP
Hercules Plaza
1313 N. Market Street
Wilmington, DE 19899-1709
(302) 777-6536
joanna.cline@troutman.com
james.levine@troutman.com

Goutman Patnaik
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400
gpatnaik@desmaraisllp.com

█████ J. Shaw
Tuhin Ganguly
Kimberly Coghill
TROUTMAN PEPPER HAMILTON SANDERS LLP
2000 K Street, N.W., Suite 600
Washington, DC 20006-1865
(202) 220-1200

William Belanger
Gregory Len
Frank D. Liu
Alison L. McCarty
L. Andrew Tseng
Brittanee Petrik
TROUTMAN PEPPER HAMILTON SANDERS LLP
125 High Street, 19th Flr. High Street Tower
Boston, Ma 02110-2736
(617) 204-5100

Kristie L. Butler
TROUTMAN PEPPER HAMILTON SANDERS LLP
301 Carnegie Center, Ste. 400
Princeton, NJ 08543-5276
(609) 452-0808

Email: 3shape_886_pepper@troutman.com

*Attorneys for Plaintiff 3Shape A/S*

John W. Shaw
Karen E. Keller
Jeff Castellano
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Flr.
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
jcastellano@shawkeller.com

Mark L Levine
Reid M. Bolton
Anastasiya Maione
Benjamin Montague
BARTLITT BECK LLP
54 West Hubbard Street
Suite 300
Chicago, IL 60654
(312) 494-4400
mark.levine@bartlitbeck.com
reid.bolton@bartlitbeck.com
stacy.maione@bartlitbeck.com
benjamin.montague@bartlitbeck.com

Daniel C. Taylor
John M. Hughes
BARTLITT BECK LLP
1801 Wewatta Street
Suite 1200
Denver, CO 80202
(303) 592-3100
daniel.taylor@bartlitbeck.com
john.hughes@bartlitbeck.com

*Attorneys for Defendant*

Dated: May 28, 2021

*/s/ Steven P. Wood*
Steven P. Wood (#2309)